Entered on Docket
January 12, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: January 12, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                              No. 09-48084-EDJ
                                   Chapter 13
SCOTT JAMES LAWTON,

                Debtor./

DECISION

Creditor, Christina Geraci ("Geraci"), the former spouse of the debtor James Lawton ("Lawton"), has filed on objection to Lawton's claim of homestead exemption under California Code of Civil Procedure § 704.730(a)(2). The court will overrule the objection.

According to a Request for Judicial Notice filed by Geraci, on December 18, 2007, the California Superior Court entered a Judgment of Dissolution and Judgment on Reserved Issues. See docket no. 21. It appears therefrom that, prior to the entry of the judgment, Geraci and Lawton held their family home in Crockett, California (the "Home") as community property. Id.

At some point, Geraci had signed over to Lawton her interest in the Home "without receiving any discernable gain." Id. at 5. The superior court held that the transfer was ineffective. The court's

Decision

judgment also stated:

> The court finds that the net equity in the home . . . is community property. The home is awarded to the husband upon payment of $178,791.50 to wife as her community property share.

Id. On December 24, 2007, Geraci recorded an abstract of judgment in the sum of $178,791.50 with the Contra Costa County Recorder. Id. at 6.

Thus, as this court reads the superior court's judgment, Lawton was not to acquire sole title to the Home until he paid off the judgment in Geraci's favor. Pending such payment, the Home was to remain community property, as it had been prior to the ineffective transfer.

On August 31, 2009, Lawton filed a chapter 13 petition herein. In his Schedule C, Lawton claimed a $75,000 exemption with respect to his interest in the Home. It is this claim of exemption to which Geraci objects.

Geraci contends on the authority of Farrey v. Sanderfoot, 500 U.S. 291, 111 S.Ct. 1825 (1991) and In re Barnes, 198 B.R. 779 (9th Cir. BAP 1996) that Lawton may not avoid her judgment lien pursuant to Bankruptcy Code § 522(f)(1), and that his claim of exemption is invalid. In Farrey, the divorce court had granted the debtor, Sanderfoot, "sole title" to the family residence, which had previously been owned by both spouses, and ordered him to pay a certain sum to compensate Farrey for her interest, secured by a judgment lien. 500 U.S. at 293. The Supreme Court held that "§ 522(f)(1) of the Bankruptcy Code requires a debtor to have

Decision                                    2

possessed an interest to which a lien attached, before it attached, to avoid the fixing of a lien on that interest." Id. at 301.

The judgment at issue therein extinguished Sanderfoot's prior interest in the property and gave him a new interest concurrently with the creation Farrey's judgment lien. Sanderfoot's interest in the property was therefore not in existence prior to creation of the judgment lien, and Sanderfoot could not avoid it under § 522(f)(1).

Similarly, in Barnes, the divorce court had approved an arrangement whereby the non-debtor spouse had conveyed her interest in the residence to the debtor, a transfer for which she was to be compensated. 198 B.R. 780-81. The resulting debt was secured by a judgment lien on the residence. Id. The BAP held on the authority of Farrey that to the extent the lien secured the debtor's debt related to his acquisition of the sole title to the residence, the debtor could not avoid the lien pursuant to Bankruptcy Code § 522(f)(1).[1] Id. at 784.

In both Farrey and Barnes, the debtor received sole title to the property concurrently with the creation of the judgment liens at issue. Thus, the interest to which such liens attached did not

---

[1] Barnes was decided under the version of Bankruptcy Code § 522(f)(1) in effect before Congress amended that section, effective for bankruptcy cases filed after October 22, 1994, to preclude avoidance of judgment liens securing support debts excluded from discharge pursuant to Bankruptcy Code § 523(a)(5). It is worth noting that the 1994 amendment to § 522(f)(1) did not preclude avoidance of liens securing property settlement debts excluded from discharge pursuant to Bankruptcy Code § 523(a)(15).

Decision                        3

preexist the creation of the liens.

Here, however, Lawton's community property interest pre-existed the creation of Geraci's judgment lien. Therefore, Farrey and Barnes are inapplicable.

The facts here are similar to those in In re Stoneking, 225 B.R. 690 (9th Cir. BAP 1998). In Stoneking, the divorce court had imposed a judicial lien in favor of the debtor's attorney on a residence in which the debtor held a community property interest. Subsequently, the debtor acquired sole ownership. Id. at 690-91. The BAP affirmed the bankruptcy court's order permitting the debtor to avoid the judgment lien pursuant to Bankruptcy Code § 522(f)(1). Id. at 695.

In doing so, the BAP rejected the creditor's argument that Farrey precluded avoidance, and found that, as here, the debtor's community property interest to which the lien attached pre-existed the lien. The court concluded as follows:

> Because the Farrey holding is inapplicable to the facts of this case and because Debtor held a pre-existing interest in the property to which Creditor's judicial lien attached, when it attached, the bankruptcy court correctly held that the judicial lien was subject to avoidance under section 522(f).

Id.

Based on the foregoing, the court will issue its order overruling Geraci's objection.

*** END OF DECISION ***

Decision 4

Case: 09-48084   Doc# 28   Filed: 01/12/10   Entered: 01/12/10 16:16:41   Page 4 of 5

```
 1                          COURT SERVICE LIST

 2   Charles Wildman
     Law Offices of McLaughlin & Wildman
 3   3012 Lone Tree Way #300
     Antioch, CA 94509
 4
     Eduardo Gonzalez
 5   Attorney at Law
     P.O. Box 27402
 6   Oakland, CA 94602

 7   Martha G. Bronitsky
     Chapter 13 Trustee
 8   P.O. Box 5004
     Hayward, CA 94540
 9
     Office of the U.S. Trustee
10   1301 Clay St., #690N
     Oakland, CA 94612
```

Decision                                 5